http://www.va.gov/vetapp16/Files4/1634339.txt

Citation Nr: 1634339 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 13-02 309 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Denver, Colorado

THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), dysthymia, and a personality disorder.

REPRESENTATION

Veteran represented by: Penelope E. Gronbeck, Attorney at Law

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

S. Coyle, Counsel

INTRODUCTION

The Veteran served on active duty from August 1983 to February 1988.

This matter comes before the Board of Veterans Appeals (Board) on appeal from a rating decision issued in September 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in Albuquerque, New Mexico. Jurisdiction over the matter has subsequently been transferred to the RO in Denver, Colorado.

This case was remanded in February 2016 in order to afford the Veteran her requested hearing before the Board. In March 2016, the Veteran testified at a Board video-conference hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the record. At such time, the undersigned held the record open 60 days for the receipt of additional evidence. In May 2016, the undersigned granted an extension of 60 days for the submission of such evidence. Thereafter, in July 2016, the Veteran submitted additional evidence consisting of a May 2016 private psychological evaluation with a waiver of Agency of Original Jurisdiction (AOJ) consideration. 38 C.F.R. § 20.1304(c) (2015). Therefore, the Board may properly consider such evidence. However, while she likewise submitted additional evidence in August 2014, she did not waive AOJ consideration of it. However, as her claim is being remanded, the AOJ will have an opportunity to review all the submitted documents such that no prejudice results to the Veteran in the Board considering such evidence for the limited purpose of issuing a comprehensive and thorough remand.

With regard to the characterization of the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder, the Board recognizes that the RO adjudicated such as entitlement to service connection for PTSD in the September 2009 rating decision. The Board notes, however, that service connection for dysthymia and mixed personality disorder was previously denied in a June 2000 decision. 

However, VA regulations provide that, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of the same section (which defines new and material evidence). 38 C.F.R. § 3.156(c). The regulation further identifies service records related to a claimed in-service event, injury, or disease as relevant service department records. 38 C.F.R. § 3.156(c)(1)(i). In the instant case, subsequent to the June 1990 rating decision, the Veteran's service personnel records were received in June 2009. Such includes documentation of counseling the Veteran received in service as well as the circumstances surrounding her discharge based on a personality disorder. Therefore, as such are relevant to the instant case, the Board finds that 38 C.F.R. § 3.156(c) is applicable and her original claim is reviewed on a de novo basis.

Therefore, the Board finds that the Veteran's claims for service connection for dysthymia and mixed personality disorder are encompassed in the current claim and such has been recharacterized as entitlement to service connection for an acquired psychiatric disorder in accordance with Clemons v. Shinseki, 23 Vet. App. 1 (2009). 

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.

REMAND

Although the Board regrets the additional delay, another remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015).

The Veteran claims that her acquired psychiatric disorder first manifested during her period of active service. However, the Board further notes that the Veteran's January 1983 entrance examination indicates that a psychiatric evaluation was "abnormal." A "history of psychiatric treatment," without further detail was noted. The Veteran's concurrent report of medical history includes a statement by the Veteran indicating that she became depressed after her first husband left her, and that she had seen a psychiatrist briefly. 

Under pertinent law and regulations, a Veteran will be considered to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service. 38 U.S.C.A. § 1111. When no preexisting condition is noted upon entry, the Veteran is presumed to have been sound upon entry and the presumption of soundness arises. If the presumption of soundness applies, to rebut the presumption of soundness under 38 U.S.C.A. § 1111, VA must show by clear and unmistakable evidence both that the disease or injury existed prior to service and that the disease or injury was not aggravated by service. The claimant is not required to show that the disease or injury increased in severity during service before VA's duty under the second prong of this rebuttal standard attaches. VAOGCPREC 03-2003; see also Wagner v. Principi, 370 F.3d 1089 (Fed. Cir. 2004). If the government fails to rebut the presumption of soundness, the claim is one for service connection, not aggravation. Id. at 1096; 38 U.S.C.A. § 1111.

During the course of her appeal, the Veteran was afforded a VA examination in November 2012 in order to ascertain the nature and etiology of her claimed acquired psychiatric disorder. Additionally, she submitted a private psychological evaluation conducted in May 2016 in support of her claim. However, as neither opinion is adequate to decide the claim, the Board finds that a remand is necessary in order to afford the Veteran a new VA examination to determine the nature and etiology of her claimed acquired psychiatric disorder.

In this regard, the November 2012 VA examiner diagnosed personality disorder not otherwise specified (NOS) and depressive disorder NOS, but found that the Veteran did not meet the diagnostic criteria for PTSD. She further found that there was not sufficient evidence to support the occurrence of a military sexual/personal assault that could be linked to her current diagnosis. Rather, the examiner opined that the Veteran's symptoms of depression were not caused by or related to her military service. Rather, the record reflected that she had treatment for problems associated with a mood disorder and sexually acting out behaviors prior to her military service beginning after being sexually molested at age 11 and she was diagnosed with a
personality disorder during her military service. The examiner stated that the Veteran's current problems with mood dysregulation clearly and unmistakably existed prior to her military service. She was discharged for reason of personality disorder, and her diagnosis with a personality disorder during military service is seen as developmental in nature traceable back to her childhood and early adolescence. Therefore, the examiner stated, it is considered to pre-exist her military service and one for which service-connected benefits are not payable as a result. There is no evidence to support that her current symptoms of depression (which existed prior to her military service) were aggravated beyond the natural progression of the depressive disorder by her military service. However, the November 2012 VA examiner did not provide an adequate rationale for her findings. 

A May 2016 private psychological evaluation concluded that the Veteran was diagnosed with PTSD, mixed personality disorder with histrionic and borderline trains, and dysthymia and, the examining psychologist opined that the Veteran's PTSD pre-dated her military enlistment; however, the trauma she experienced in the military more likely than not worsened her PTSD beyond the expected course of illness. The psychologist further stated that, while the Veteran had identity disturbance and personality disorder trains prior to military involvement, her perceived abandonment by authority figures, along with her perceived abandonment by the military when she was discharged, likely worsened these traits substantially. Ultimately, the psychologist concluded that the Veteran's PTSD and personality disorder were more likely than not worsened beyond their expected course as a result of her experience sin the military and her sudden discharge. However, as the private psychologist did not apply the appropriate "clear and unmistakable evidence" standard in determining that the Veteran's acquired psychiatric disorder predated her entrance into service, or an adequate rationale for her conclusion that such disorder was aggravated by service, such opinion is not adequate to decide the claim. Thus, a new VA examination must be scheduled. 

The Board further finds that a remand is necessary in order to obtain outstanding records. In this regard, Veteran has indicated that, prior to her entrance into service, she was treated at Tripler Army Medical Center for psychiatric symptoms as an Army dependent. Furthermore, the November 2012 VA examiner noted that the Veteran had also received pre-service counseling through William Beaumont Army Medical Center in 1972 and Kirkland Army Medical Center in 1973-4. Upon remand, efforts must be undertaken to obtain these records, as they are pertinent to the determination as to which acquired psychiatric disorder(s) pre-existed the Veteran's service. 38 C.F.R. § 3.159(c)(1); Bell v. Derwinski, 2 Vet. App. 611 (1992).

During her March 2016 hearing, the Veteran indicated that she sought treatment for her acquired psychiatric disorder at the VA medical facility in Denver, Colorado, in approximately 1988, after she was discharged from service. Additionally, during her November 2012 VA examination, she advised the examiner that she was being treated for her acquired psychiatric disorder at a VA medical facility in Biloxi, Mississippi. There has been no effort to obtain these outstanding records; such must be accomplished upon remand. Id.

The record also reflects that the Veteran has received intermittent non-VA treatment for her acquired psychiatric disorder, to include psychiatric hospitalizations in 1993, 2000, and 2003. On remand, the Veteran should be asked to identify all non-VA medical professionals who have treated her for her acquired psychiatric disorder and provide her written authorization to obtain her treatment records. 38 C.F.R. 
§ 3.159(c)(2). 

Accordingly, the case is REMANDED for the following action:

1. Obtain all VA treatment records from the Biloxi VA medical facility since 2009, and all VA treatment records from the Denver VA medical facility since 1988. A search of non-digital and retired records must be accomplished. 

In addition, pending any necessary authorization from the Veteran, obtain all available treatment records from Tripler Army Medical Center, William Beaumont Army Medical Center in 1972 and Kirkland Army Medical Center in 1973-74, where the Veteran was treated as an Army dependent prior to her entrance to military service in 1983. 

All reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

2. Request that the Veteran identify all non-VA medical professionals who have treated her for an acquired psychiatric disorder, to include psychiatric hospitalizations in 1993, 2000, and 2003, and provide written authorization to obtain her treatment records. Upon receipt of any such written authorization, take appropriate action to contact the identified providers and request complete records related to the Veteran's acquired psychiatric disorder. Make at least two (2) attempts to obtain records from any identified sources. The Veteran should be informed that in the alternative she may obtain and submit the records herself.

3. After completing the above development, the Veteran should be afforded a VA examination to determine the nature and etiology of her claimed acquired psychiatric disorder. The examiner should review the record, including this REMAND, and note such review in the examination report. The examination should include a review of the Veteran's history and current complaints as well as a comprehensive evaluation and any tests deemed necessary.

The examiner is asked to accomplish the following: 

(A) Identify all of the Veteran's acquired psychiatric disorders that meet the American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994) (DSM-IV) criteria, to include PTSD, dysthymia, and personality disorder. 

The Board recognizes that the Veterans Benefits Administration is now required to apply concepts and principles set forth in DSM-5; however, the Secretary of VA has specifically indicated that DSM-5 is to be applied to all applications for benefits that are received by VA or that were pending before the AOJ on or after August 4, 2014. In the instant case, the Veteran's claim was certified to the Board in July 2014. Hence, the DSM-IV applies to her claim.

(B) For each diagnosed personality disorder, the examiner is asked to opine whether such was subject to a superimposed disease or injury during service that resulted in additional disability? If so, please identify the additional disability. 

(C) For each diagnosed acquired psychiatric disorder other than a personality disorder, the examiner must state whether such disorder clearly and unmistakably pre-existed the Veteran's entrance into service. 

(i) If there is clear and unmistakable evidence that the disorder(s) pre-existed service, the examiner is asked to opine as to whether there is clear and unmistakable evidence that the pre-existing disorder(s) did not undergo an increase in the underlying pathology during service, i.e., was not aggravated during service. 

(ii) If there was an increase in the severity of the Veteran's disorder(s), the examiner should offer an opinion as to whether such increase was clearly and unmistakably due to the natural progress of the disease. 

(D) For all identified acquired psychiatric disorders other than PTSD that did not clearly and unmistakably pre-exist the Veteran's service, the examiner is asked whether it is at least as likely as not (probability of 50 percent or greater) that the disorder first manifested during service, or is otherwise is directly related to her service. 

(E) If the examiner determines that the Veteran meets the diagnostic criteria for a diagnosis of PTSD, and that such PTSD did not clearly and unmistakably pre-exist the Veteran's service, he or she must indicate whether such diagnosis is the result of an in-service sexual or personal assault. 

In offering any opinion, the examiner must consider the full record, to include the Veteran's lay statements regarding the incurrence of her claimed acquired psychiatric disorder and the continuity of symptomatology. The examiner should also take into consideration the findings from the November 2012 VA examination and the May 2016 private psychological evaluation. The rationale for any opinion offered should be provided.

4. After completing the above actions, to include any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and her representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This matter must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).